UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>STETSON CRAVALHO,<br><br>          Defendant. | CR NO. 21-00015 LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR REDUCTION OF SENTENCE UNDER SECTION 3582(c)(1)(A)(i), AND APP. NOTE 1(D) OF SS 1B1.13 [FILED 10/19/21 (DKT. NO. 26)]**

Defendant Stetsen Cravalho ("Cravalho") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A).  See Cravalho's Motion for Compassionate Release or Reduction of Sentence Under Section 3582(c)(1)(A)(i), and App. Note 1(D) of ss 1B1.13, filed 10/19/21 (dkt. no. 26) ("Motion").  Cravalho also moved for appointment of counsel. See Cravalho's Motion to Appoint Counsel Pursuant to the Criminal Justice Act 18 U.S.C. 30006(a), filed 12/9/21 (dkt. no. 34).  His request for appointment of counsel was denied on December 13, 2021.  See Minute Order – EO: Court Order: Denying Motion to Appoint Counsel, Filed 10/19/21 [Dkt. No. 26] and Motion to Appoint Counsel, Filed 12/09/21 [Dkt. no. 34], filed 12/13/21 (dkt. no. 35).  Accordingly, Cravalho proceeds *pro se*, and his filings must "be liberally construed."  See Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citation omitted).

Plaintiff United States of America ("the Government") opposes the Motion. See Government's Response in Opposition to Defendant's Motion for Compassionate Release, filed 11/10/21 (dkt. no. 31) ("Response"). United States Probation Office ("USPO") also opposes the Motion. See USPO's Response to the Motion for Compassionate Release, filed 11/9/21 (dkt. no. 30) ("USPO Response"). Cravalho filed his respective replies to USPO's Response and the Government's Response on December 29, 2021. See Defendant's Motion in Reply to the Probations (sic) Opposition (Docket #30), filed 12/29/21 (dkt. no. 36); Defendant's Motion in Reply to the Government's Opposition (Docket #31), filed 12/29/21 (dkt. no. 37).

Cravalho was sentenced on July 22, 2021 and received a sentence of a term of incarceration of sixty months and five years of supervised release as to two counts of the felony information, and the term of incarceration and supervised release were to run concurrently as to the counts. See Judgment in a Criminal Case, filed 7/30/21 (dkt. no. 22), at 2-3. He is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Detention Center Honolulu in Honolulu, Hawai`i, and his projected date of release is July 28, 2024.

2

Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 28, 2022).

For the reasons stated below, Cravalho's Motion is denied and the status conference regarding the Motion set for August 25, 2022 is hereby vacated.

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c))). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission does provide guidance in its policy statement as considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious

medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13, cmt. n.1.  However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)."  Aruda, 993 F.3d at 800.  Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

      The Court finds that Cravalho does not present evidence of sufficient risk factors to indicate that he would suffer severe illness or death should he contract COVID-19.  Cravalho fails to state his specific risk factors but argues that the continued spread of COVID-19 in the United States coupled with confinement to small quarters and lack of precautionary measures in prison present serious risk to his health from COVID-19 infection.  See Motion at PageID #: 206.  He also points to the harsh conditions of confinement due to COVID-19 pandemic, and especially the extreme limits on family visitations.  [Id.]  These reasons, while undoubtedly true as risk factors and have been harshly felt by Cravalho, are not sufficient to demonstrate extraordinary and compelling reasons

4

necessary to grant an early release.  Nor is the unfortunate family circumstance that he is the "sole caregiver" of his minor daughter.  [Id. at PageID #: 205.]

Although the U.S.S.G. § 1B1.13 policy statement is not binding, the Court finds it instructive regarding the type of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[;] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).  Cravalho has indicated that his elderly mother has stepped in as his daughter's caregiver. [Motion at PageID #: 205.]  While it is perhaps not an ideal arrangement, the grandmother's care of Cravalho's daughter makes clear that the U.S.S.G. § 1B1.13 policy statement does not apply here.

As to his concern that his daughter may bring home the virus to his elderly mother, USPO notes that his mother is "approximately 43 years old and owns a landscaping company." [USPO Response at 2.]  Moreover, the household is home to several people: Cravalho's mother, her husband, three young adults, and two minor teenagers.  [Id.]  Cravalho also argues

5

that his rehabilitation would not be adequately served by confinement and that he has a detailed release plan, but these factors also do not demonstrate extraordinary and compelling reasons necessary to grant an early release.

In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in <u>Aruda</u>, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Cravalho does not present extraordinary and compelling reasons to support his early release.  Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Cravalho's Motion for Compassionate Release or Reduction of Sentence Under Section 3582(c)(1)(A)(i), and App. Note 1(D) of ss 1B1.13, filed October 19, 2021, is DENIED.  Further, because the Court has now ruled on the Motion, the status conference regarding the Motion previously scheduled for August 25, 2022 is hereby VACATED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. STETSON CRAVALHO; CR 21-00015 LEK; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR REDUCTON OF SENTENCE UNDER SECTION 3582(c)(1)(A)(i), AND APP. NOTE 1(D) OF SS 1B1.13 [FILED 10/19/21 (DKT. NO. 26)]